IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOYIN US CORP**, *d/b/a* **JoyinDirect**,<br><br>*Plaintiff*,<br>v.<br><br>**Jian Lin**,<br><br>*Defendant*. | Civil Action No. 3:23-cv-1863 |

## ORIGINAL COMPLAINT

Plaintiff JOYIN US CORP, *d/b/a* JoyinDirect ("Plaintiff" or "Joyin") files this complaint against Defendant Jian Lin ("Defendant" or "Lin") seeking declaratory judgment of non-infringement and invalidity of U.S. Design Patent No. D963,097 ("the '097 Patent").

## PARTIES

1.  Plaintiff Joyin is a Delaware corporation with a principal place of business at 315 W. Elliot Rd., #107-168, Tempe, Arizona, 85284.

2.  Upon information and belief, Lin is an individual citizen of the People's Republic of China, residing in the city of Shenzhen in Guangdong Province.

## JURISDICTION AND VENUE

3.  This Court has original jurisdiction over the subject matter of this action against Defendant Lin pursuant to 28 U.S.C. §§1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 et. seq. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.  Personal jurisdiction and venue exist in this Court over Lin because his unlawful practices of filing meritless patent infringement claims against Plaintiff's products were committed and/or caused harm to Plaintiffs within the jurisdiction of this Court. Texas is one of the top

markets for Plaintiff Joyin's Accused Products and Amazon's removal of the Joyin products has a substantial effect on the state such that a declaratory judgment action of non-infringement is proper. Courts have found that a significant amount of goods sold in a federal district through an interactive website makes that district a proper place of venue as a place where a substantial part of the events giving rise to the claim arose, see *Nursery Decals & More, Inc. v. Neat Print, Inc.*, No. 3:19-CV-2606-B, 2020 U.S. Dist. LEXIS 63113, at *29-31 (N.D. Tex. Apr. 10, 2020).

## INTRODUCTION

5.      Plaintiff Joyin received a notice from Amazon on July 23, 2023, alleging "Intellectual Property Violations" of the '097 Patent. Subsequently, Amazon delisted Plaintiff Joyin's Pool Float products from the Amazon.com platform due to the alleged infringement claim filed by Defendant. The alleged "Intellectual Property Violations" are wholly without merit as Plaintiff Joyin's Pool Floats have a distinct ornamental design than that of the '097 Patent. In addition, the '097 Patent design is invalid as substantially similar products were on sale on Amazon.com and elsewhere way before the effective filing date of the '097 Patent. Defendant's objectively baseless complaint to Amazon has caused irreparable harm and will continue to cause harm as long as Plaintiff Joyin's products remain delisted.

## NATURE OF THE ACTION

6.      This action arises from Declaratory Judgment of patent non-infringement and invalidity under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant Lin's actions have placed Plaintiff Joyin in the precarious position of the imminent and real threat of an infringement lawsuit through the enforcement of the '097 Patent on Amazon.com.

## THE JOYINDIRECT PRODUCTS

7. Joyin is an e-commerce company that sells toys, party supplies, and seasonal products on Amazon under the storefront JoyinDirect and brand name "Joyin." For example, Joyin sells plush animals, flamingo yard ornaments, and lawn water slides.

8. The Pool Float products at issue are identified by Amazon Standard Identification Numbers ("ASIN") B0BKTLK99J, B0BKTLY5FV, B0BKTMCM9J, and B0BKTP6ZGL.

9. The JoyinDirect storefront has garnered 4.9 out of 5 stars in customer ratings. The JoyinDirect products are known for their outstanding quality and variety at an affordable price point.

10. The Amazon Marketplace constitutes Joyin's primary sales channel into the United States. Additionally, Texas is one of the top sales markets for Plaintiff. To remain competitive in the United States market for toys, party supplies, and seasonal products, Joyin needs their products listed on the Amazon Marketplace.

11. Defendant Lin's use of Amazon.com as an inequitable injunction significantly harms Joyin. Defendant's submission of Amazon.com infringement reports has caused immediate and irreparable harm to Plaintiff. On July 23, 2023, Amazon removed Plaintiff's Pool Float products identified by ASINs B0BKTLK99J, B0BKTLY5FV, B0BKTMCM9J, and B0BKTP6ZGL from the marketplace, preventing Plaintiff from accessing its largest channel of trade. Plaintiff has lost substantial monetary value, and irreparable harm in lost market share, and harm to reputation.

12. Additionally, Defendant's actions have placed Plaintiff in the precarious position of the imminent threat of an infringement lawsuit which presents a substantial, immediate, and real controversy of adverse legal interests. Defendant has already shown its intent to misuse its patent to assert baseless infringement allegations against Plaintiff.

**U.S. DESIGN PATENT NO. D963,097 AND ACCUSED PRODUCTS**

13. Defendant Lin is the applicant and assignee of record of the '097 Patent, attached as Exhibit A.

14. The '097 Patent is entitled "Inflatable" and generally discloses "an ornamental design for an inflatable float." Exhibit A at Claim.

15. The '097 Patent was issued on September 06, 2022, and has an effective filing date of July 02, 2021.

16. The '097 Patent has a single independent claim directed towards the ornamental design for an inflatable float.

17. Regarding the '097 Patent, the ornamental design for an inflatable float shows a flotation device with a horizontally ribbed center and a vertically ribbed pillow. While Joyin's Pool Float products show similarly ribbed center and pillow, there are a few ornamental distinctions. Below is a comparison of the two items:

 

*Ex. A, Fig. 1 of the '097 Patent*            *Accused Joyin Product*

Specifically, Fig. 1 of the '097 Patent shows perpendicular seams at each corner of the outer rim of the inflatable float and a horizontal seam at the top and bottom of the pillow. These ornamental design elements are not found with the Joyin products, which show a different number of air cells

in the middle and different shape and size of the upper outer rim. Additionally, the Joyin products do not have any horizontal seams running across the inflated pillow. These differences show a distinct ornamental design from that of the '097 Patent.

## CLAIM I:
## DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '097 PATENT

18. Joyin incorporates by reference the preceding paragraphs as though fully set forth herein.

19. An actual, continuing and justiciable controversy exists between Joyin and Lin as to the non-infringement of the '097 Patent, as evidenced by Lin's allegations of infringement on Amazon, as set forth above.

20. The Pool Floats of Joyin do not infringe any valid claim of the '097 Patent as it is a distinct ornamental design as discussed above.

21. Lin's baseless infringement reports on the Amazon.com, Inc. platform have caused imminent and real threat of an infringement lawsuit.

22. Lin's baseless infringement reports on the Amazon.com, Inc. platform have caused and will continue to cause ongoing and irreparable harm to Plaintiff.

23. Pursuant to the Declaratory Judgment Act, Joyin requests a judicial determination and declaration that Joyin does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '097 Patent.

## COUNT II
## INVALIDITY OF THE '097 PATENT

24. Joyin incorporates by reference the preceding paragraphs as though fully set forth herein.

25. The '097 Patent is invalid for failure to comply with one or more conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 171. For example, and without limitation, the '097 Patent is invalid under 35 U.S.C § 102 and/or 103 because it is anticipated or rendered obvious by relevant prior art. Specifically, the same or substantially similar products have been on sale on Amazon.com by other sellers since at least 2006, way before the Asserted Design Patent's filing date of July 2, 2021. *See* https://www.amazon.com/SWIMLINE-ORIGINAL-Inflatable-Oversized-Reflective/dp/B000MOL2GU/ref=zg_bs_g_1272924011_sccl_21/145-9540764-0929036?psc=1, Attached hereto as Exhibit B; S*ee also* https://www.amazon.com/dp/B092ZMPPGQ?th=1. Products sold under the same Joyin brand also predate the Asserted Design Patent as they were on sale on at least as early as March 20, 2021. *See* https://www.amazon.com/gp/product/B091DCB623, attached hereto as Exhibit C. Therefore, the '097 Patent is clearly invalidity under 35 U.S.C § 102 and/or 103.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff respectfully requests a declaration by this Court that the '097 Patent is invalid for failure to comply with one or more conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 171.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment as follows:

A.  Preliminary and permanent injunctions ordering Defendant Lin to withdraw all Amazon infringement complaints lodged against the Joyin's Pool Floats regarding the '097 Patent, and to refrain from lodging any further infringement complaints regarding the same.

B.  A declaration that the Joyin's Pool Float products do not infringe the '097 Patent;

C.  A declaration that the '097 Patent is invalid; and

C.  A declaration that this case is exceptional and an award to Joyin of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D.  Such further and additional relief as the Court deems just and proper.

Dated: August 18, 2023

Respectfully submitted,

/s/ *Timothy T. Wang*
Timothy T. Wang
Texas Bar No.: 24067927
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972.331.4603
972.314.0900 (facsimile)
twang@nilawfirm.com

*Counsel for Plaintiff*
JOYIN US CORP, *d/b/a* JoyinDirect